

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00145-CR

CHARLES ANDREW CAMARILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 428th District Court
Hays County, Texas[1]
Trial Court No. CR-21-5594-D, Honorable Joe Pool, Presiding

June 13, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Charles Andrew Camarillo, was convicted of burglary of a habitation[2] and, pursuant to a plea bargain agreement, sentenced to twenty-five years' confinement. The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain case from which Appellant has no right of appeal and that Appellant has waived the right

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 30.02(c)(2).

of appeal.  The certification comports with the record before the Court.  Notwithstanding the certification, Appellant filed a notice of appeal, pro se, challenging his conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  By letter of May 16, 2023, we notified Appellant of the consequences of the trial court's certification and directed him to file a response demonstrating grounds for continuing the appeal by May 26.  To date, Appellant has not filed a response or had any further communication with this Court.

Accordingly, we dismiss the appeal based on the trial court's certification.  *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.